*original*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE PRESKA

*MEMORANDUM OF LAW AND*

**DOMINICK LAROCCO**

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

**NEW YORK CITY, ET, AL**

**KRISTIN MCDEOWN
JOHN JACKSON,
JIM MCDEOWN,
ALL BEING SUSO IN
THEIR INDIVIDUAL/
PERSONAL CAPACITY**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**10 CIV 3073**

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

*[stamp: 2010 APR -7 A 10: 44 U.S. DISTRICT COURT S.D. OF N.Y. FILED]*

## I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name **DOMINICK LAROCCO**
ID # **4410813823**
Current Institution **RIKENS ISLAND CF (A.M.K.C)**
Address **1818 HAZEN STREET**
**E. ELMHURST, NY 11370**

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.



RECEIVED
FEB 08 2010
PRO SE OFFICE

Defendant  No. 1   Name _KRISTIN MCADSOWN_____ Shield # _____
Where Currently Employed (ICS 7 001) 214-14 73
Address _RD AVE, BAYSIDE, NY_
11364

Defendant  No. 2   Name _JOHN JACKSON_____ Shield # 6742
Where Currently Employed _111 TH PRESICNT_
Address 45-06 215 STREET
BAYSIDE, NY 11364 (718) 279-5224

Defendant  No. 3   Name _JIM MCADSOWN_____ Shield # _N/A_
Where Currently Employed _50 TH PRESICNT_
Address 3450 KINGS BRIDGE
AVE, BRONX, NY 10451
(718) 543-5700

Defendant  No. 4   Name _____ Shield # _____
Where Currently Employed _____
JOSH
DOES   Address _____

Defendant  No. 5   Name _____ Shield # _____
Where Currently Employed _____
JANE
DOES   Address _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?   N/A

B.    Where in the institution did the events giving rise to your claim(s) occur?   N/A

C.    What date and approximate time did the events giving rise to your claim(s) occur?   ON
11/10/08 & 11/13/08

D.    Facts: THIS COUNT WILL SEE KRISTIN MCGOWN FILED A FALSE POLICE REPORT ON 11/10/08 TO HAVE PLAINTIFF FALSELY ARRESTED AND PURTURED HERSELF IN A PAROLE TRIAL TO HAVE HIM FALSELY CONVICTED ON 2/4/09, THAT DET. JOHN JACKSON FILED FALSE CHANGES AND STATEMENTS TO FALSELY ARREST PLAINTIFF BECAUSE HE WAS ON PAROLE (DISCRIMINATION) AND BECAUSE DID A FAVOR FOR LT. JIM MCGOWN, WHERE DET. JACKSON + LT. MCGOWN HAD AN CONSPIRACY WITH AN ARRANGEMENT TO FORM THESE CHANGES AGAINST PLAINTIFF AND HOW NEW YORK CITY PAROLE FILED FALSE CHANGES AND ARRESTED HIM OF IT AND KEPT PLAINTIFF IN PRISON ON KNOWINGLY FALSE CHANGES AFTER IT WAS BROUGHT TO N.Y.C. PAROLE'S ATTENTION SEVERAL TIMES — DISCRIMINATION FROM N.Y.C + N.Y.C PAROLE CONSPIRACY TO KEEP PLAINTIFF IN PRISON ON KNOWINGLY FALSE CHANGES

III.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what ~~medical treatment~~, if any, you required and received. _____

PLAINTIFF LOSS HIS FREEDOM FOR 18 MONTHS DUE TO N.Y.C + N.Y.C. PAROLE EMPLOYEES FILING FALSE CHANGES AND PURJURY TO KEEP HIM FALSELY IN PRISON (DEFENDANTS AS WELL)

IV.   **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No ☒

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). *N/A*

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ✗ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ✗ Do Not Know ____

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ✗ *N/A*

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ✗ *N/A*

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? *PRISON GRIEVANCE*

1. Which claim(s) in this complaint did you grieve? *N/A*

2. What was the result, if any? *N/A*

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. *N/A*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: _____

*PRISON GRIEVANCE NOT AVAILABLE / REQUIRED*

2. If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any:_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
      remedies. _____

_____ N/A _____

_____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). RESPECTFULLY
REQUEST THE COUNT TO GRANT
PLAINTIFF JUDGEMENT ON
THIS AMOUNT REQUESTED AND
A LIFE TIME ORDER OF
PROTECTION AGAINST
KRISTIN MCADORY, DET. JOHN
JACKSON AND LT. JIM MCADORY
AND APPOINT AN ATTORNEY
FOR PLAINTIFF. PLEASE

**VI.  Previous lawsuits:**

On these claims

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?  *NOT RELATED TO ALL ISSUES*

Yes ___  No ___

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff  *DOMINICK LANUCCO*

Defendants  *KRISTIN MCDEOWN, JOHN JACKSON*

2.  *JIM MCDEOWN*  Court (if federal court, name the district; if state court, name the county)  *BRONX COUNTY COURT HOUSE*

3.  Docket or Index number  *NONE*

4.  Name of Judge assigned to your case  *100415*

5.  Approximate date of filing lawsuit  *12/1/09*

6.  Is the case still pending?  Yes ___  No ___
If NO, give the approximate date of disposition  *NONE*

7.  What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  *CASE WAS IGNORED — SEE ATTACHED ADDITIONAL INFORMATION*

On other claims

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ___  No ___

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____

3.  Docket or Index number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

6.  Is the case still pending?  Yes ___  No ___
If NO, give the approximate date of disposition _____

Rev. 05/2007

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __*7*__ day of __*FEB*__, 20*10*

Signature of Plaintiff   _____

Inmate Number   _____

Institution Address   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this __*7*__ day of __*FEB*__, 20*10* I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

*Rev. 05/2007*

THIS COMPLAINT IS FOR

AGAINST KRISTIN MCKEOWN FOR
MALICIOUS PROSECUTION AND FILING
A FALSE POLICE REPORT ON
11/10/08 TO HAVE PLAINTIFF
FALSELY ARRESTED ON 11/11/08
AND FALSELY TESTIFYING AGAINST
PLAINTIFF AT A PAROLE TRIAL ON
2/4/09, WHICH NOT PLAINTIFF
FALSELY CONVICTED OF 18 MONTHS
AND AGAINST LT. JIM MCKEOWN
AND DET. JOHN JACKSON FOR
CONSPIRACY WITH AN AGREEMENT
TO FORM THE CHARGES
AGAINST PLAINTIFF.

STATEMENT OF FACTS

ON 11/10/08 AT AROUND 7 PM.
PLAINTIFF PULLED INTO THE BACK OF
KEYFOOD PARKINGLOT AND NOT OUT
OF MY CAR WITH A GIFT AND
WALKED UP THE BLOCK AND
CROSSED THE STREET AND
WALKED INTO

THE STORE AND BOUGHT A DOZEN ROSES.

I THEN CROSSED THE STREET AND
WALKED THROUGH THE FRONT ENTRANCE
AND WALKED OVER TO KRISTIN, WHO
WAS STANDING IN FRONT OF THE
OFFICE THAT THEY HAVE IN KEYFOOD,
WHERE KRISTIN WAS BENT OVER
LEANING FOWARD, WITH HER ARMS
FOLDED UP AGAINST THE GLASS
WINDOW, TALKING TO ONE OF HER
CO-WORKERS / BOOK KEEPER.

I WALKED UP TO HER AND WAS
STANDING ON THE RIGHT SIDE OF
HER AND PRESENTED A DOZEN ROSES
AND A GIFT, SHE HAD A BIG SMILE
ON HER FACE AND NOT VERY SHY
AND TURNED HER HEAD TO THE
LEFT, WITH HER RIGHT CHEEK
FACEING NEXT TO THE WINDOW

I SAID I HOPE YOU LIKE YOUR GIFT AND
PLACED THE ROSES ON PETASTILL / BOX
THEY HAD IN FRONT OF THE OFFICE
AND WALKED AWAY OUT THE BACK
DOOR AND WENT HOME.

7) DEFENDANT KRISTIN MCDERMOTT, THAT NIGHT ON 11/10/08, FILED A POLICE REPORT AT THE 111TH PRECIENT CLAIMING THAT WHILE SHE WAS WORKING AT KEY FOOD, AT 214-14 73RD AVE, BAYSIDE, N.Y. 11364, THAT FROM 8/29/08 UNTILL 11/10/08, THAT PLAINTIFF, ASKED HER REPEATEDLY TO ENTER INTO A ROMANTIC RELATIONSHIP THAT THESE COMMENTS WERE NOT WELCOME AND MADE HER FEEL THREATEND AND UNCOMFORTABLE, THAT PLAINTIFF GAVE HER LETTERS/ CARDS AND GIFTS AND THAT I CAME INTO THE STORE AT AROUND 7PM AND FORCEFULLY GRABBED HER FROM BEHIND AND KISSED HER CHEEK AND LEFT THE STORE THAT PLACED HER IN REASONABLE FEAR OF PHYSICAL INJURY AND CAUSED HER ANNOYANCE AND ALARM. <u>SEE EX. 1</u>.

8) HOWEVER, DEFENDANT KRISTIN MCKEOWN, RECANTS HER STORY AT A PAROLE TRIAL ON 2/4/09, WHEN ASKED " WHAT HAPPEND ON 8/29/08, " KRISTIN MCKEOWN REPLIED "I BELIEVED THAT WAS THE "FIRST" TIME HE STARTED TRYING TO HAVE A CONVERSATION WITH ME ABOUT LIKE " OH WHATS YOUR NAME - TRYING TO GET TO KNOW ME " PG 9 # 12-16 OF PAROLE TRIAL MINUTES. SEE EX — 2

9) KRISTIN MCKEOWN, THEN STATED THE " LAST" TIME LANCE (PLAINTIFF) TALKED TO ME HE STATED STUFF LIKE TRYING TO GET MET TO KNOW ME MORE ASKING HOW I'M FEELING, IF I NEEDED ANYTHING. HE WAS ALWAYS ASKING IF I NEED ANYTHING." PG 51 # 4-10 AND STATED WHEN ASKED " HE WAS NOT THREATENING YOU WHEN HE ASKED YOU IF YOU NEEDED ANYTHING " " NO " PG 51 # 11-13

10) IT SHOULD BE NOTED THAT THERE
IS NO MENTION FROM KRISTIN
MCKEOWN, WHEN SHE TESTIFIED
AT THE PAROLE TRIAL ON 2/4/09
THAT PLAINTIFF ASKED HER
"VEMBLEY" ON A DATE ON
8/29/08 FROM THE FIRST TIME
HE SPOKE TO HER UNTIL THE
LAST TIME HE SPOKE TO HER
ON 11/10/08, OR REPEATEDLY
FOR THAT MATTER AS SHE
CLAIMED IN HER TWO POLICE
REPORTS ON 11/10/08 + 1/16/09.

11) IT SHOULD BE NOTED THAT
KRISTIN MCKEOWN WALKED IN
WITH HER MOTHER SUSAN MCKEOWN
TO FILE THE POLICE REPORT
ON 11/10/08.

12) DET. JOHN JACKSON, SHIELD #
0742, FROM THE 111 TH PRECINCT
TOOK THE COMPLAINT.

13) DET. JOHN JACKSON, ADMITTED AT A HUTCH/DUNNAWAY HEARING IN CRIMINAL COURT ON 12/16/08 THAT HE SPOKE TO KRISTA'S FATHER WHO STATED TO HIM THAT " HE IS A LIEUTENANT IN THE NEW YORK CITY POLICE DET. AND THAT WAS HIS DAUGHTER AND HE WANTED THIS TO STOP " PG 10 # 13-21 OF HEARING MINUTES

14) AFTER DET. JACKSON, WAS INFORMED BY LT. JIM MCKEOWN HE IS A LT. AND THAT WAS HIS DAUGHTER " I WANT THIS TO STOP " YOUR PLAINTIFF WAS ARRESTED THE NEXT DAY AT 11:30 AM ON 11/11/08, FOR HARASSMENT AND AGGRAVATED HARASSMENT IN THE 2ND DEGREE AND STALKING IN THE 4TH DEGREE .

15) PLAINTIFF POSTED BAIL THE NEXT DAY ON 11/12/08, AT AROUND 1:30 PM AFTERNOON AND WAS RELEASE FROM RIKERS ISLAND C.F.

16) ACCORDING TO A.J PAROLE OFFICERS
NOTES (CHRONO NOTES) IT STATED
ON 11/12/08, AT 10:00AM, "IF VICTIM
WILL COOPERATE SUBJECTS PAROLE TO
BE REVOKED" SEE EX- 2.

17) CHRONO NOTES FURTHER STATES, "11/12/08
2:30PM DEFENDANTS FATHER, LT,
JIM MCKEOWN, CALLED MY PAROLE
OFFICER, RICHARD NOSLAN, AND ENFORMED
HIM HE WAS A LT. FOR THE 50TH
PRECICNT AND WILL BRING HIS
DAUGHTER (KRISTIN ) ) TO RIKERS."

18) ON 11/12/08, AT 3:15 PM, 45 MINUTES
LATER, PLAINTIFFS P.O. SPOKES P.O.
PEREZ AND ASK " WHEN THE COURT IS
TO LODGE A WARRENT — WAS TOLD
(PLAINTIFF) LAROCCO POSTED BAIL"

19) 11/12/08, AT 3:20 PM, PLAINTIFF'S P.O.
MR. NOSLAT, " CALLED LT. JIM MCKEOWN,
STATED "PLAINTIFF POSTED BAIL — HE
WAS GOING TO ARREST HIM" (PLAINTIFF).

20) 11/13/08, AT 7:30 AM PLAINTIFFS P.O.
PREPARED A (VOP) VIOLATION OF PAROLE,
CHARGING PLAINTIFF WITH STALKING

AND AGGRAVATED HARASSMENT."

20) 11/13/08 AT 10:45 AM, A WARRANT
WAS ISSUED #575-263, TO BE
ARRESTED AT PLAINTIFFS JOB."

22) 11/13/08, AT 11:15 AM I WAS
RE-ARRESTED BY MY P.O. MR. ROSLAW,
BY THE 104 7TH PRECIENT AT MY JOB

23) PLAINTIFFS PAROLE PAPERS EVEN STATED
THAT "A PAROLE WARRANT WAS
REQUESTED BASED ON THE WILLINGNESS
OF THE VICTIM TO TESTIFY" SEE EX. — 4.

24) DEFENDANT THEN HAD A SECOND
POLICE REPORT MADE, THAT DET. JACKSON,
SIGNED + DATED ON 1/16/09, WAS FAXED
TO THE DA'S OFFICE, AND DEFENDANT
SIGNED + DATED IT 12 DAYS LATER
ON 1/24/09, SEE EX. — 5.

25) IT SHOULD BE NOTED THAT IN THE
DEFENDANTS FIRST POLICE 11/10/08, SHE
ADMITTED PLAINTIFF NAME HER CARDS
AND LETTERS DATED 10/8/08, AND CARDS
AND LETTERS ON 11/08/08, (ONE WHICH
WAS DATED 11/3/08.) (2 TWO OCCATIONS
ONLY.)

15 —

26) THE QUEEN'S COUNTY DA'S OFFICE ADMITTED IN THEIR "IN TAKE BUREAU CRIME REPORT" THAT PLAINTIFF GAVE KRISTIN A SERIES OF CARDS & LETTERS ON 10/8/08 & 11/10/08 ( ONE WHICH WAS DATED 11/3/08 ) ( 2 TWO OCCASIONS ONLY SEE EX-6

27) IN KRISTIN'S SECOND POLICE REPORT DATED 11/16/09, SHE CLAIMS AND RECANTS HER STORY AND CLAIMS PLAINTIFF GAVE HER A LETTER DATED 11/3/08 ( ON THAT DATE) AND THIS NEW POLICE REPORT SHOWS PLAINTIFF DID NOT GIVE HER ANY LETTERS/CARDS ON 11/10/08 AT ALL.

28) UPON THE UNCOVERED FACTS/SWORN TESTIMONY OF KRISTIN ON 2/4/09 AT A PAROLE TRIAL, AND STATEMENTS FROM 3 THREE EYE WITNESS KRISTIN'S ALLEGATIONS IN HER POLICE REPORTS CANNOT BE ACCEPTED AS TRUE AND WILL SHOW/PROVE KRISTIN DID IN FACT FILE TWO FALSE POLICE REPORTS & PERJURED HERSELF IN COURT AS I WILL EXPLAIN.

H -

WHAT KRISTIN STATED AT THE
PAROLE TRIAL ON 2/4/09.

29) KRISTIN MCKENNON, (DEFENDANT,) GAVE
SWORN TESTIMONY STATING SHE DIDN'T
SEE ME COME IN" PG 65 AT #3-4   OF
TRIAL MINUTES, BUT STATES "HE CAME IN"
(WHICH PROVES SHE SAW ME) AND STATED
"I THREW A BOUQUET OF FLOWERS
RIGHT AT HER BY HER FEET, A BAG OF
PRESENTS AND GRABBED HER BY HER
SHOULDER AND KISSED HER RIGHT
CHEEK" PG 29 # 17-21, HOWEVER
KRISTIN THEN RECANTS HER STORY AND
STATED "SHE SAW SOMEBODY THREW
STUFF" PG 67 # 6-7

30) DEFENDANT THEN ADMITS "SHE WAS
FACEING INSIDE THE WINDOW FROM
THE OUTSIDE OF THE OFFICE"
PG 65 # 13-14, PG 66 # 3 AND STATED
"I PUT THE BAG OF GIFTS NEXT TO
THE BOX THAT WAS BY HER FEET
(WHICH PROVES DEFENDANT DID SEE
ME) AND STATED "I CAME BEHIND
HER AND GRABBED HER SHOULDER
AND KISSED HER ON HER CHEEK"
PG 66 # 7-8 AND #21-24, BUT

-12-

THEN RECANTS HER STORY AND
STATED "I PUT MY ARM AROUND
HER SHOULDER" PG 66 #25,
PG 67 #1-2 (WHICH WOULD PROVE
I WOULD HAVE BEEN STANDING ON
THIS SIDE OF HER, NOT BEHIND HER);
THEN RECANTS HER STORY AND STATED
"SHE FELT MY HAND ON HER
SHOULDER" PG 67 # 11,

3\) THIS COUNT SHOULD WONDER DID
PLAINTIFF GRAB HER FROM BEHIND,
OR DID I PUT MY ARM AROUND
HER (WHICH PROVES I WOULD HAD TO
BE STANDING ON THE SIDE OF HER
NOT BEHIND HER) OR DID I LAY
MY HAND ON HER SHOULDER ??

3½) DEFENDANTS KRISTIN MCKEOWN CLAIMS
THAT I GRABBED HER FROM BEHIND
ARE BELIED BY HER MANAGER
(DON WILSON) WHO WAS AN (EYE
WITNESS) WHO STATED TO MY CRIMINAL
ATTORNEY MR. HALPERN, ESQ AND HIS
INVESTIGATOR MS. NOEL, ON 11/24/08
WHO STATED "I PUT MY ARM AROUND
KRISTIN", WHICH PROVES I WAS NEVER
BEHIND HER OR FORCEFULLY GRABBED

HER AS DEFENDANT CLAIMS,
SEE EX. — 7 A LETTER DATED 3/17/09
FROM MY ATTORNEY OF STATEMENTS
FROM EYE WITNESS.

33) PLAINTIFF WOULD LIKE TO NOTE HE
NEVER TOUCHED OR GRABBED HER
OR KISSED HER CHEEK OR THREW
ROSES AT HER.

34) ALSO, DEFENDANTS MANAGER (DON
WILSON) NEVER STATED ANY THING
ABOUT PLAINTIFF THROWING ROSES
AT HER, NOR DID THE BOOK KEEPER

35) FURTHERMORE DEFENDANT CLAIMS THE
BOOKKEEPER (SECOND EYE WITNESS)
(ELEANOR) WHO SAW EVERY THING
WHO WAS LOOKING THROUGH THE
WINDOW, SAID SHE TOLD PLAINTIFF
SHE WAS GOING TO CALL THE COPS
PG 29 # 15 – 16 # 25. HOWEVER
PLAINTIFF/DEFENDANTS CLAIMS ARE
BELIED BY THE BOOKERS STATEMENTS
TO MY ATTORNEY/INVESTIGATOR, WHO
STATED "SHE DIDN'T SEE ANY
THING", EX. — 7.

- 14 -

36) AS THE COURT CAN SEE SO FAR
DEFENDANT HAS MADE (4) FOUR
DIFFERENT STATEMENTS AND VERSIONS
OF WHAT SHE IS CLAIMING YOUR
PLAINTIFF DID TO HER.

37) DEFENDANTS POLICE REPORTS STATES
PLAINTIFF FORCEFULLY GRABBED HER
FROM BEHIND, IN PAROLE COURT
DEFENDANT TESTIFIED PLAINTIFF
GRABBED HER FROM BEHIND, THEN
RECANTS HER STORY AND STATES
"I PUT MY ARM AROUND HER" THEN
STATES AND RECANTS BY CLAIMING
I LAYED MY HAND ON HER SHOULDER."

38) FORCEFULLY GRABBING, GRABBING,
PUTTING A ARM AROUND SOME ONES
AND LAYING A HAND ON SOME ONES
SHOULDER, ARE ALL DIFFERENT
THINGS.

39) I'M SURE THIS COURT CAN AGREE HAD
THERE BEEN ONE STATEMENT MADE
BY DEFENDANT AND HER MANAGER
DON WILSON, BY CLAIMING "I PUT MY
ARM AROUND HER", THEN MAYBE IT
COULD BE ASSUMED/OR IMAGINED

15

THAT MAYBE DEFENDANT IS TELLING
THIS TRUTH ABOUT THIS MATTER
THAT PLAINTIFF DID PUT HIS ARM
AROUND HER, BUT WHEN A
DEFENDANT HAS AND MAKES ④ FOUR
DIFFERANT STATEMENTS/VERSONS
OF WHAT SHE IS CLAIMING OF
PLAINTIFF DID TO HER AND YOU
HAVE A SECOND EYE WITNESS WHO
STATED "SHE DID N'T SEE ANY THING",
THEN AS A MATTER OF COMMON SENSE
IT CANNOT BE ACCEPTED THAT
DEFENDANT IS TELLING THE TRUTH
ABOUT THIS MATTER.

4) THE FACT STILL REMAINS THAT EVEN
"IF " PLAINTIFF DID PUT HIS ARM
AROUND DEFENDANT,(WHICH HE DID NOT)
WOULD STILL PROVE + SHOW THAT YOUR
PLAINTIFF WAS NEVER BEHIND HER
AND NEVER NABBED HER FROM
BEHIND AS SHE CLAIMS, BECAUSE
BY PUTTING YOUR ARM AROUND SOME
YOU HAVE TO BE STANDING ON THE
SIDE OF THAT PERSON AND NOT
BEHIND THAT PERSON, AS A MATTER
OF COMMON SENSE, AND THIS ALONE
SHOWS + PROVES OR A LEAST TENS TO

16

SHOW + PROVE THAT DEFENDANT
DID IN FACT FILE TWO (2) FALSE
POLICE REPORTS ON 11/13/08 + 1/16/09,
CLAIMING PLAINTIFF FORCEFULLY
GRABBED HER WHEN HE DID NOT,
AND HAD PLAINTIFF FALSELY
ARRESTED ON 11/18/08 AND 11/13/08,
AND DID IN FACT PERJURE HER
SELF IN COURT ON 2/4/09, TO HAVE
PLAINTIFF FALSELY CONVICTED OF
24 MONTHS IN PRISON.

41) DEFENDANT (KRISTIN MCGOWN, STATED
"SHE DID NOT BECOME AWEAR THAT
PLAINTIFF WAS THERE UNTILL SHE
CLAIMED PLAINTIFF KISSED HER
CHEEK, PG 67 AT # 4, 5, 6 THEN
RECANTS HER STORY AND STATED
"SHE DIDN'T KNOW PLAINTIFF WAS
BEHIND HER UNTIL SHE FELT MY
HAND ON HER SHOULDER" PG 67 # 10-12
OF PAROLE HEARING MINUTES 2/4/09.

42) HOWEVER, THOSE CLAIMS ABOVE BY
DEFENDANT CANNOT BE ACCEPTED AS
TRUE, BECAUSE DEFENDANT HAD
ALREADY ADMITTED THAT SHE
"SAW PLAINTIFF COME IN AND

PUT A BAG OF GIFTS ON THE FLOOR
NEXT TO A BOX, AT HER FEET "
" BEFORE " SHE CLAIMED & SO -
CALLED MANNBBED HER THAN BEHIND
HER AND KISSED HER CHEEK PG 66
#19-20, WHICH MEANS KRISTIN DID
SEE PLAINTIFF COME IN KEYWOOD
AND PUNISHED HERSELF AGAIN.

43) ADDITIONALLY, IF PLAINTIFF PUT HIS
HAND ON HER SHOULDER " FIRST " -
" BEFOR " I KISSED HER CHEEK AS
SHE CLAIMS, THEN KRISTIN WOULD
HAVE KNOWN I WAS THERE " BEFOR "
I SO CALLED KISSED HER BECAUSE
THE SO CALLED KISS CAME " AFTER "
SHE CLAIMED I PUT A HAND ON HER
SHOULDER NOT " BEFOR " AS A
MATTER OF COMMON SENSE.

44) KRISTIN RUNDOWN, STATES " SHE
DIDN'T KEEP MEMO'S OF THE DATES
I CAME IN TO SEE HER " (ADMITS
I CAME IN TO SEE HER) " AND
STATED I WOULD COME ON HER
GIVE AND TRY AND SPEAK WITH
HER " PG 14 AT # 6-12, THEN RECANTS
HER STORY AND ADMITS " FOR THE

- 18 -

MONTH OF AUGUST HE WOULD
COME INTO THE STORE "AND
ADMITTED " YES HE WAS A
CUSTOMER" PG 14 AT # 22 - 25 - AND
PG 25 AT # 1. THEN ADMITTED
"WHEN I CAME INTO THE STORE
FROM SEPTEMBER TO OCTOBER
THAT I CAME IN FREQUENTLY
OVER THE WHOLE ENTIRE PERIOD,
I CAME IN AS A CUSTOMER AND
DIDN'T KNOW IF I CAME
SPECIFICALLY TO SEE HER OR
WHATEVER HE HAD TO BUY IN
THE STORE " PG 20 # 4-5 AND
ADMITS " YES HE WAS JUST A
CUSTOMER" PG 73 AT # 9-10


45) TO POINT OUT, IF DEFENDANT (KRISTIN
MCBEOWN, DID — NOT KNOW IF I
WAS THERE TO SEE HER, THEN HOW
COULD SHE CLAIM AND FILE POLICE
REPORT HAVING ME ARRESTED FOR
STALKING IN THE 4TH DEGREE,
HARASSMENT 2ND DEGREE AND AGGRAVATED
HARASSMENT 2ND DEGREE, CLAIMING
PLAINTIFF REPEATEDLY ASKED HER OUT
ON A DATE CAUSING HER TO FEEL
THREATENED AND UNCOMFORTABLE

IF KRISTIN DID NOT KNOW IF I
WAS THERE TO SEE HER OR NOT,
SHE COULD NOT, AS A MATTER OF
COMMON SENSE.

46) THE DEFENDANT FURTHER STATED, " I
GAVE HER HALLMARK CARDS" AND
STATED " HE WROTE THINGS IN THEM
AND I TOLD HIM NO, I DON'T WANT
THEM AND TO KEEP THEM TAKE
THEM BACK AND THERES A LITTLE
SPACE UNDER THE REGISTER AND
HE KIND OF JUST THREW IT UNDER
THERE" PG 27 AT # 3-10, HOWEVER
KRISTIN RECANTS HER STORY AND
STATED " I ASK HER TO PLEASE
TAKE IT AND HONESTLY IT WAS
HOLDING UP MY LINE SO HE KIND
OF JUST LIKE PUT IT THERE AND
I MEAN I DIDN'T THROW IT BACK
AT HIM, I DIDN'T YELL IT TO
HIM, NO, YOU HAVE TO TAKE THIS,
I (DEFENDANT) JUST STUCK IT
UNDERNEATH MY REGISTER"
PG 47 AT # 1-5 OF PAROLE MINUTES.

47) HERE, DEFENDANT IS ADMITTING SHE
READ WHAT PLAINTIFF WROTE HER

- 20 -

IN THE CARDS PLAINTIFF SANE TO
HER BY CLAIMING HE WROTE THINGS
IN THEM AND I TOLD HIM NO, (LIST)
HOWEVER, DOES THE COURT REALLY
BELIEVE THAT DEFENDANT WOULD
READ ALL (8) CARDS AND A (5) PAGE
LETTER (RIGHT THERE) AFTER
SHE WAS SO WORRIED ABOUT HER
LIFE BEING HELD UP ??

47) DEFENDANT THEN CLAIMS, " PLAINTIFF
HAD THE PIZZA PLACE DELIVER
PIZZA TO HER JOB, SEVERAL
TIMES I WOULD SAY 4 OR 5 TIMES "
PG 54 AT # 22-25 PG 55 #1-2
THIS CLAIM IS ALSO BELIED BY THE
MANAGER (AL) FROM THE PIZZA PLACE
WHO STATED TO MY ATTORNEY AND
INVESTIGATOR " I ORDERED PIZZA
ONE TIME SHE DIDN'T SEND IT
BACK ". SEE EX. — 7 .

48) THE DEFENDANT, KRISTIN MCKEOWN,
CLAIMS " PLAINTIFF BOTHERED A GIRL
BEFORE PG 10 # 2-3 AND 21-23 AND
BOTHERED HER ALOT PG 31 AT # 24
CLAIMED PLAINTIFF WAS BOTHERED
HER (DEFENDANT) PG 58 # 12-15.

50) HOWEVER, DEFENDANTS CLAIMS ARE BELIED BY HER OTHER MANAGER (JOE VALENTE) STATEMENTS TO YOUR PLAINTIFFS ATTORNEY AND INVESTIGATOR WHO STATED " I NEVER CAUSED PROBLEMS, I ALWAYS BOUGHT THINGS, I CAME IN AND MY SHOPPING AND THERE WAS NO CAUSE FOR CONCERN. SEE EX. —>    .

51) DEFENDANT WAS ASK " YOU DIDN'T THINK HE (PLAINTIFF) WAS SCARY " AND SHE REPLYED " NO, I DIDN'T THINK HE WAS SCAREY " PG 58 # 22-24 OF PAROLE HEARING MINUTES, SEE EX—2

52) THE DEFENDANT WAS THEN ASK " DID HE (PLAINTIFF) EVER FOLLOW YOU INTO THE STORE OR WAIT FOR YOUR BREAK TO BE OVER " DEFENDANT STATED " I DON'T THINK SO " AND STATED " WHEN SHE LEFT WORK AT 9PM " IT WAS DARK AND SHE WALK HOME " AND STATED " I WAS NEVER THERE WHEN SHE GOT OFF WORK " SHE NEVER SAW HIM " " HE NEVER FOLLOWED ME HOME AND NEVER CALLED HER JOB

OR HOME "NO" PG 84 #11-25 AND
PG 85 #1-6, ADMITTING PLAINTIFF
NEVER STALKED/HARASSED HER.

54) KRISTIN MCKEOWN WAS THEN ASKED
"WAS THERE EVEN A TIME WHEN
YOUR MANAGERS BROUGHT IT UP
THAT THEY COULD BAR HIM FROM
THE STORE". KRISTIN MCKEOWN SAID
"NO" PG 57 #21-24, AND SAID
"THEY DIDN'T DO ANY THING"
PG 58 #4-5 AND STATED "THE
ONE WHO SAID HE COULDN'T DO
MUCH WAS (JOE VALENTE) THE
STORE MANAGER" PG 56 #23-25
AND SAID "JOE SAID HE COULDN'T
DO MUCH PG 57 #17-19, HOW-
EVER KRISTIN MCKEOWN CLAIMS ARE
BELIED BY HER MANAGERS
(JOE VALENTE) STATEMENTS TO/
WHO SAID "I TOLD KRISTIN THAT
I COULD PROHIBIT PLAINTIFF FROM
COMING INTO THE STORE" AND
KRISTIN SAID THAT WAS NOT
NECESSARY" SEE EX-7

22

54) KRISTIN THEN TESTIFIED "SHE
TOLD THE PIZZA MAN SHE
CAN'T TAKE, PG 54 #5-8
AND STATED "SHE TOLD ME
THAT SHE DID NOT WANT
MY THINGS" PG 28 # 2-3 AND
"SHE THREW THE GIFTS IN
THE TRASH AND HER WORKERS
TOLD HER TO KEEP THEM"
PG 59 #23-25 - PG 60 #1.
HOWEVER KRISTIN CLAIMS
ABOVE ARE BELIED BY HER
MANAGER (DON WILSON)
STATEMENTS TO MY ATTORNEY
AND INVESTIGATOR, WHO
SAID "I TOLD KRISTIN
THAT KEEPING THE GIFT,
WAS LEADING PLAINTIFF ON
BUT KRISTIN KEPT EVERY
THING HE GAVE HER EVEN
THOUGH HE TOLD HER NOT
TO, IT WAS NEVER A BIG
DEAL," SEE EXi-7

24
(

55) KRISTIN MCKEOWN ALSO ADMITTED
WHEN ASKED "HE WAS NOT
THREATENING YOU WHEN HE
ASKED YOU IF YOU NEEDED ANY
THING "NO" PG 51 # 11 - 13.

56) KRISTIN THEN STATED "SHE
SHOWED HER MOM THE CARDS
AND HER MOM WANTED TO DO
A TAD MORE" AND SPEAK
TO HER FATHER" PG 60 # 7 - 17
(SHE DIDN'T WANT THAT)

57) KRISTIN THEN ADMITTED "SHE
ONLY TOLD HER DAD ABOUT
THE CARDS AND HER FATHER
ASKED HER IF SHE WANTED
TO DO SOME THING MORE THEN
TELL THE MANAGER AND
KRISTIN SAID "NO " PG 61 # 6 - 17.

58) KRISTIN THEN STATED "THAT
YOUR PLAINTIFF GAVE HER
SEVERAL CARDS/ LETTERS
AS STATED ON PG 16 # 22 THEN

_25_