UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DOMINICK LAROCCO,

        Plaintiff,

-against-

NEW YORK CITY, et al; KRISTIN MCKEOWN,
all being sued in their individual/personal capacity;
JOHN JACKSON, all being sued in their
individual/personal capacity; JIM MCKEOWN,
all being sued in their individual/personal capacity,

        Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-cv-1651 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge:

    Pro se plaintiff Dominick Larocco ("Plaintiff"), currently incarcerated at Rikers Island, brings this action pursuant to 42 U.S.C. § 1983 alleging, inter alia, false arrest and malicious prosecution. The court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and for the reasons discussed below, dismisses the complaint against defendants Kristin McKeown and the City of New York. Plaintiff's claims against Detective John Jackson and Lieutenant Jim McKeown may proceed.

**I.    BACKGROUND**

    Plaintiff alleges that defendant Kristin McKeown, a private citizen, "filed a false police report on 11/10/08 to have plaintiff falsely arrested" and "perjured herself in a parole trial to have him falsely convicted" on harassment charges in February 2009. (Compl. (Docket Entry # 2) 3.) Plaintiff alleges that defendant Detective John Jackson "filed false charges and statements to falsely arrest plaintiff" as a favor to Kristin McKeown's father, Lieutenant Jim McKeown of the New York City Police Department. (Id.) Plaintiff also alleges that Lieutenant McKeown

1

falsely informed Detective Jackson that Plaintiff was harassing Kristin McKeown and ordered Detective Jackson to arrest Plaintiff. (Compl. 44-45.) Plaintiff seeks monetary damages and a "lifetime order of protection against all named defendants." (Compl. 117.)

## II. STANDARD OF REVIEW

In reviewing Plaintiff's complaint, the court is mindful that because Plaintiff is proceeding pro se, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998); see also 28 U.S.C. § 1915A(b).

## III. DISCUSSION

### A. Claims Against Kristin McKeown

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of his federal rights by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but only provides "a method for vindicating federal rights elsewhere conferred." Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Brentwood Academy v. Tennessee, 531 U.S. 288, 305-06 (2001); American Mfrs.

2

Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A private party may be held liable for unconstitutional conduct under § 1983 only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009) (internal citations and quotation marks omitted). Plaintiff's complaint does not allege any facts from which it could be plausibly inferred that defendant Kristin McKeown is a state actor or that her actions "may be fairly treated as [those] of the State itself." Plaintiff has therefore failed to state a § 1983 claim against her.

### B. Claims Against The City of New York

A municipality, such as the City of New York, cannot be held liable under § 1983 unless the plaintiff can show that a municipal policy or custom caused a deprivation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The doctrine of respondeat superior cannot be used to establish municipal liability. Board of County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404-05 (1997). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any New York City employee were attributable to a municipal policy or custom. Thus, plaintiff has failed to state a § 1983 claim against the City of New York.

## IV. CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's claims against Kristin McKeown and the City of New York are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). No summons shall issue as to these defendants, and it is further

ORDERED that the Clerk of Court shall issue summonses to Detective John Jackson and Lieutenant Jim McKeown, and it is further ordered that the United States Marshals Service is hereby directed to serve the summonses and complaint on these defendants, and it is further

ORDERED that a courtesy copy of the summonses and complaint shall be sent to the Corporation Counsel, Special Federal Litigation Division, and it is further

ORDERED that this case is referred to Magistrate Judge Bloom for all pretrial proceedings.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Dated: Brooklyn, New York
July 9, 2010

NICHOLAS G. GARAUFIS
United States District Judge