FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 06 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOMINICK LAROCCO,

                          Plaintiff,

-against-

JOHN JACKSON and JIM MCGEOWN,

                          Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-1651 (NGG)(LB)

NICHOLAS G. GARAUFIS, United States District Judge.

*Pro se* Plaintiff Dominick LaRocco ("LaRocco") brings this action asserting claims under 42 U.S.C. § 1983 against John Jackson and Jim McGeown (collectively, "Defendants"), alleging that they conspired to falsely arrest, prosecute, and imprison him. (Complaint (Docket Entry # 2).) Defendants moved to revoke LaRocco's *in forma pauperis* ("IFP") status pursuant to 28 U.S.C. § 1915(g), otherwise known as the "three strike rule." On August 24, 2010, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), recommending that this court grant Defendants' motion. (R&R (Docket Entry # 36).) LaRocco raises two objections to the R&R. First, he claims Judge Bloom improperly took judicial notice of three actions he previously brought in federal court. Second, he asserts that Judge Bloom erroneously found that one of the actions he previously brought counts as a "strike" against him under the three strikes rule, which denies IFP status to prisoners who have filed more than three unmeritorious lawsuits in federal court. For the following reasons, the court adopts Magistrate Judge Bloom's R & R in its entirety and grants Defendants' motion to revoke LaRocco's IFP status pursuant to 28 U.S.C. § 1915(g).

1

I. BACKGROUND

As former Judge Michael B. Mukasey noted in LaRocco v. Reiber, 01 CV 2557 (MBM) (S.D.N.Y.), LaRocco "is no stranger to this Court." From October 8, 1997, to November 30, 2007, while serving a sentence for attempted murder, (Defs.' Mot., Ex. B.), LaRocco filed at least seven civil actions relating to his prosecution and incarceration: LaRocco v. N.Y.C. Dep't of Corr., 99 CV 9759 (SHS)(RLE) (S.D.N.Y.) (herineafter "NYC DOC") (dismissed under Rule 12(b)(6) for failure to state a claim); LaRocco v. Reiber, 01 CV 2557 (MBM) (S.D.N.Y.) (dismissed for lack of subject matter jurisdiction); LaRocco v. Rosegaerter, 03 CV 6419 (NGG)(LB) (E.D.N.Y.) (hereinafter "Rosegaerter I") (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(a); LaRocco v. Rosegaerter, 04-0520-PR (2d Cir.) (hereinafter "Rosegaerter II") (dismissed because it "lack[ed] an arguable basis in fact or in law"); LaRocco v. County of Queens, 05 CV 6123 (NGG)(LB) (E.D.N.Y.), (dismissed *sua sponte* for failure to state a claim upon which relief may be granted); LaRocco v. Maltz, 98 CV 7897 (TPG) (S.D.N.Y.) (dismissed *sua sponte* because it "lack[ed] an arguable basis either in law or in fact."); LaRocco v. Prestiano, 98 CV 7898 (TPG) (S.D.N.Y.) (hereinafter "Prestiano") (dismissed *sua sponte* because claims "lacked an arguable basis either in law or in fact."); LaRocco v. U.S. District Court, S.D.N.Y., 99 CV 9776 (TPG) (S.D.N.Y.) (hereinafter "SDNY") (dismissed *sua sponte* for failure to state a claim.)

In the R&R, Judge Bloom found that NYC DOC, Prestiano, SDNY., and Rosegaerter II "were dismissed in their entirety on grounds stated in 28 U.S.C.§ 1915(g) and thus, qualify as strikes under the statute." Consequently, Judge Bloom recommended that the court grant Defendants' motion and revoke LaRocco's IFP status.

## II. DISCUSSION

### A. Standard of Review

The court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C). The court reviews unobjected-to portions of the R&R for clear error. Brown v. Ebert, No. 05-CV-5579, 2006 U.S. Dist. LEXIS 94265, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. The Three Strikes Rule

The purpose of the Prisoner Litigation Reform Act is to "deter[] frivolous prisoner lawsuits and appeals." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007). As such, it "contains a three-strikes rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits unless the exception for imminent danger applies." Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). The three strikes rule states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915 (g).

### C. LaRocco's Objections to the R&R

LaRocco does not challenge whether Prestiano, NYC DOC, and SDNY count as strikes. The court finds that Judge Bloom did not err in concluding that each of these cases was dismissed in such a manner that they constitute strikes under 28 U.S.C § 1915(g).

3

LaRocco objects to Judge Bloom taking judicial notice of Prestiano and SDNY; however, "the court may take judicial notice of court documents."[1] Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 464 n.6 (2d Cir. 2006). See also Warney v. Monroe County, 587 F.3d 113, 118 (2d Cir 2009) (taking judicial notice of other post-conviction proceedings initiated by a prisoner).

LaRocco further claims that Rosegaerter I does not count as a strike because it was decided only in part based on reasons set forth in § 1915(g). While that may be true, Judge Bloom did not find that Rosegaerter I qualified as a strike. Instead, she found that Rosegarter II was a strike because it was dismissed for the sole reason that it "lacked an arguable basis in fact or in law." (R&R at 5); see also Rosegaerter II. Appeals "dismissed by the Court of Appeals as lacking an arguable basis in law or fact pursuant to § 1915(e)" qualify as a strike. Word v. Annucci, No. 09 Civ. 8983, 2010 U.S. Dist. LEXIS 53258, at *6 (S.D.N.Y. May 27, 2010).

---

[1] Although LaRocco claims he had no notice of Prestiano and SDNY, these prior decisions and their outcomes were described in LaRocco v. Reiber, 01 CV 2557 (MBM). LaRocco received a copy of Reiber attached to Defendants' motion. In it, Judge Mukasey states that: "plaintiff has filed at least five other actions in this Court since 1998, three of which have been dismissed *sua sponte*. See LaRocco v. U/S/ District Court, S.D.N.Y., 99 Civ. 9776 (TPG) (§ 1983 action dismissed *sua sponte*); . . . LaRocco v. Prestiano et al., 98 Civ. 7898 (TPG) (§ 1983 action dismissed *sua sponte*), LaRocco v. Maltz et al., 98 Civ. 7897 (TPG) (§ 1983 action dismissed *sua sponte*). I hereby caution plaintiff that the continued filing of frivolous actions may result in an order barring the acceptance of any future *in forma pauperis* complaints." LaRocco v. Reiber, 01 CV 2557 (MBM) at 4.

## III. CONCLUSION

The court has reviewed LaRocco's remaining arguments and finds them to be without merit. Accordingly, Defendants' motion is granted. LaRocco's IFP status is revoked and the complaint is conditionally dismissed unless he pays the entire filing fee within thirty calendar days of this Order. If LaRocco fails to timely pay the filing fee, the action shall be dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2010

/s/
NICHOLAS G. GARAUFIS
United States District Judge