FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAR 1 3 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DOMINICK LAROCCO,

                     Plaintiff,

        -against-

JOHN JACKSON and JAMES MCGEOWN,

                     Defendants.

------------------------------------------------------------------X

AMENDED MEMORANDUM
& ORDER

10-CV-01651 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dominick LaRocco, pro se, brings this action against Defendants John Jackson

and James McGeown under 42 U.S.C. § 1983. LaRocco alleges that he was the victim of a false

arrest and imprisonment, a malicious prosecution, and a conspiracy to commit the former two

acts. Defendant Jackson now moves to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is granted. The court

also dismisses LaRocco's claim against Defendant McGeown for failure to serve pursuant to

Federal Rule of Civil Procedure 4(m).

## I.    BACKGROUND

LaRocco alleges that on or about November 10, 2008, he delivered a dozen roses and a

gift to Kristin McGeown at the supermarket where she was working. (Compl. (Docket Entry

# 2) at 9.) Later that night, Kristin McGeown filed a police report in which she claimed that

LaRocco had made numerous unwelcomed visits to her place of work, sent her letters and gifts,

and forcibly grabbed and kissed her. (Id. at 10.) Defendant John Jackson was the officer who

took down the report. (Id. at 12.) LaRocco alleges that Defendant James McGeown, Kristin

McGeown's father and an NYPD lieutenant, told Jackson, "I want this to stop." (Id. at 13.) The

next day, November 11, 2008, Jackson arrested LaRocco on three charges: (1) aggravated

1

harassment in the second degree; (2) stalking in the fourth degree; and (3) harassment in the second degree. (See Arrest Report (Docket Entry # 62-5) at 1-2.) LaRocco posted bail the following day but was arrested again for a parole violation on November 13, 2008. (Compl. at 13, 15.)

On April 7, 2010, LaRocco filed his instant Complaint pursuant to 42 U.S.C. § 1983, naming the City of New York, Kristin McGeown, John Jackson, and James McGeown as Defendants.[1] He alleges that Defendants subjected him to a false arrest and imprisonment, a malicious prosecution, and a conspiracy to commit the former two acts. (Compl. at 8.) LaRocco seeks monetary damages and a "lifetime order of protection against" the Defendants. (Compl. at 5.)

On July 9, 2010, the court dismissed the claims against Kristin McGeown on the grounds that she was not a state actor, and dismissed the claims against the City of New York on the grounds that LaRocco had not shown that a municipal policy or custom had caused a deprivation of his constitutional rights. (See Order of July 9, 2010 (Docket Entry # 7).) Thus, only John Jackson and James McGeown remained as Defendants.

The criminal case that resulted from the alleged false arrest and malicious prosecution had not been resolved at the time LaRocco filed his Complaint. As a result, the present case was stayed pending a final resolution of the criminal matter. (See Order of Apr. 20, 2011 (Docket Entry # 52).) On April 21, 2011, the criminal matter was resolved when LaRocco entered a plea of guilty to the charge of aggravated harassment in the second degree. (See Criminal

---

[1]     At the time LaRocco filed his Complaint, he was incarcerated at Rikers Island.

Appearance History (Docket Entry # 62-6) at 1.[2]) John Jackson then moved to dismiss

LaRocco's Complaint. (See Mot. to Dismiss (Docket Entry # 61).)

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

court evaluates the sufficiency of the complaint under the "two-pronged approach" established

by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). The

court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010)

(quoting Iqbal, 129 S. Ct. at 1950). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.

Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second,

"[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement for relief." Id. at 1950. A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal

quotation marks omitted). Plausibility "is not akin to a probability requirement," but requires

"more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation

marks omitted).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(internal quotation marks omitted). "[T]he submissions of a pro se litigant must be construed

---

[2]    In the context of a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint or incorporated by reference, and matters of which courts may take judicial notice. See Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). Judicial notice may be taken of public records. See Barmapov v. Barry, No. 09-CV-03390 (RRM) (RML), 2011 WL 32371, at *2 n.3 (E.D.N.Y. Jan. 5, 2011) (taking judicial notice of plaintiff's guilty plea in a false arrest and malicious prosecution case).

liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

Nevertheless, even a pro se complaint will be dismissed if it does not contain "sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct.

at 1949 (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

### A. Failure to Serve Defendant James McGeown

Magistrate Judge Bloom ordered LaRocco to serve Defendant James McGeown by June

16, 2011. (See Order of Feb. 25, 2011 (Docket Entry # 48).) Because LaRocco has failed to do

so, the court dismisses the claim against James McGeown pursuant to Federal Rule of Civil

Procedure 4(m).[3] John Jackson is the only remaining Defendant.

### B. False Arrest

LaRocco claims that his arrest by Jackson was illegal because it was based on false

information and was made as a favor to James McGeown. However, LaRocco's guilty plea on a

charge on which he was arrested precludes a determination that the arrest was unlawful.

A § 1983 false arrest claim must allege a deprivation of the plaintiff's Fourth Amendment

right to remain free from unreasonable seizures, including the right to remain free from arrest

absent probable cause. Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010).

"The existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch,

439 F.3d 149, 152 (2d Cir. 2006). "In the Second Circuit, an uncontroverted conviction for the

crime of arrest is conclusive evidence that the arresting officer had probable cause to make the

arrest." Barmapov v. Barry, No. 09-CV-03390 (RRM) (RML), 2011 WL 32371, at *4 (E.D.N.Y.

Jan. 5, 2011) (citing Cameron v. Fogarty, 806 F.2d 380, 387-89 (2d Cir. 1986)).

---

[3]     LaRocco acknowledges that he did not serve James McGeown. (See Pl. Opp. (Docket Entry # 59) at 25.)

Although LaRocco pled guilty to only one of the three charges on which he was arrested—all of which are linked to LaRocco's November 10, 2008, interaction with Kristin McGeown—that plea establishes probable cause for the arrest and thus bars LaRocco's claim for false arrest. See id. at *4 n.5 ("[T]he Second Circuit . . . does not require Plaintiff to have been convicted of exactly the same charge for which he was arrested. Th[e] court need only consider whether as a total transaction the activity forming the basis for the arrest is the same as the activity to which plaintiff pleaded guilty." (internal quotation marks, alterations, and citations omitted)); Johnson v. New York City, No. 01-CV-1860 (SJF) (VVP), 2004 WL 502929, at *4 (E.D.N.Y. Jan. 12, 2004); Allison v. Farrell, No. 97-CV-2247 (DAB), 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002). Because LaRocco has failed to show a lack of probable cause for his arrest, his claim for false arrest and imprisonment must be dismissed.

## C.    Malicious Prosecution

LaRocco's Complaint also alleges a claim for malicious prosecution against Jackson. This claim must be dismissed for similar reasons to his false arrest claim.

> In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law. To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions.

Manganiello v. New York City, 612 F.3d 149, 160-61 (2d Cir. 2010) (internal quotation marks omitted).

As with LaRocco's false arrest claim, his claim for malicious prosecution fails because LaRocco cannot show a lack of probable cause for commencing the criminal proceedings against him. See id. Additionally, LaRocco's unchallenged guilty plea precludes a finding of

"termination of the proceedings in [his] favor." Id.; see also Okoi v. El Al Israel Airlines, 378

Fed. Appx. 9, 11 (2d Cir. 2010) (plaintiff's malicious prosecution claim failed because he pled

guilty, even though the charges were later dismissed under a "conditional discharge" agreement).

Because two essential elements of LaRocco's claim for malicious prosecution are absent, his

claim is dismissed.

### D. Conspiracy

Finally, LaRocco claims that Jackson conspired with James McGeown to falsely arrest

and maliciously prosecute him. Because LaRocco's § 1983 claims for false arrest and malicious

prosecution are dismissed, his claim for conspiracy to commit those violations must be dismissed

as well. See Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001); Pugh v. New York

City, No. 01-CV-0129 (ILG), 2002 WL 398804, at *2 n.4 (E.D.N.Y. Jan. 15, 2002).

### E. Leave to Amend

A court must give a pro se plaintiff leave to amend his complaint if the complaint "gives

any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d

Cir. 2000). LaRocco's Complaint provides no such indication; thus, the court does not grant

LaRocco leave to amend his Complaint. However, the court notes that if LaRocco successfully

appeals his criminal conviction for aggravated harassment in the second degree, he might be able

to cure his currently deficient Complaint. If that occurs, LaRocco is free to file a motion to

reopen his case pursuant to Federal Rule of Civil Procedure 60(b).

## IV. CONCLUSION

LaRocco's § 1983 claims against Defendant Jackson for false arrest and imprisonment,

malicious prosecution, and conspiracy are DISMISSED with prejudice pursuant to Federal Rule

6

of Civil Procedure 12(b)(6). LaRocco's claims against Defendant McGeown are DISMISSED

without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       March 16, 2012

NICHOLAS G. GARAUFIS
United States District Judge